# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT WILLIAMSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-899-D |
| | ) | |
| DAVID PARKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing through counsel, filed a writ of habeas corpus under 28 U.S.C. § 2254, Doc. 1, and United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent has filed a motion to dismiss and brief in support. Docs. 7, 8. The undersigned granted Petitioner's request to extend his response date to October 26, 2013, Docs. 9, 10; however, no response was forthcoming. After reviewing the petition and Respondent's motion to dismiss, the undersigned agrees that the habeas petition contains both exhausted and unexhausted claims.

## I. Background.

Petitioner was convicted on three counts of lewd acts in August 2010, in Oklahoma County District Court. Doc. 1, at 1.[1] Petitioner filed a direct appeal, raising claims involving: (1) ineffective assistance of counsel; (2) insufficient evidence; (3) improper admission of propensity evidence; and, (4) violation of "various evidence rules." *Id.* at 2. The Oklahoma Court of Criminal Appeals (OCCA) rejected the claims and affirmed the convictions in May 2012. *Id.* at Ex. 1, at 1.

Petitioner then proceeded with the instant action, alleging: (1) a violation of due process through Oklahoma's "system of trying child sex cases"; (2) the improper admission of propensity evidence; (3) fundamental unfairness through numerous incorrect evidentiary rulings; (4) ineffective assistance of counsel; and, (5) insufficient evidence. Doc. 1, at 4-5 & Ex. 1 at 4-46.

Respondent argues that Petitioner's petition contains both exhausted and unexhausted claims, Doc. 8, at 1-7, and the undersigned agrees.

## II. Analysis.

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus unless it appears that an available

---

[1] Citation to page numbers refers to the Court's CM/ECF pagination.

2

state corrective process is absent or circumstances exist that render such process ineffective to protect the prisoner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("A state prisoner generally may not raise a claim for federal habeas relief unless he 'has exhausted the remedies available in the courts of the State.'") (citation omitted). "Under this requirement, 'federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.'" *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citation omitted).

As illustrated above, Petitioner raises five claims in his habeas petition — he challenged only four on direct appeal. Indeed, Petitioner acknowledges that "Ground One was not presented, as the facts supporting the ground were not available at that time." Doc. 1, at 5. Petitioner does not describe which facts were unavailable.

When a petitioner does not exhaust, the Court must determine whether a return to state court would be futile. *See James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000) ("Exhaustion is not required if an attempt to exhaust would be futile.") (citation omitted). In Oklahoma, if a defendant fails to raise a claim on direct appeal, the OCCA generally considers it waived, so a petitioner cannot raise it when seeking post-conviction relief. *See Davis v. Oklahoma*, 123 P.3d 243, 244 (Okla. Crim. App. 2005) ("'This Court will not

3

consider issues which . . . have been waived because they could have been, but were not, raised on direct appeal.'") (citation omitted). However, the OCCA might consider Petitioner's unexhausted claim in an application for post-conviction relief if he can show "sufficient reason" for why he did not raise the claim on direct appeal. *Woodruff v. Oklahoma*, 910 P.2d 348, 350 (Okla. Crim. App. 1996). Accordingly, the undersigned finds that Petitioner may still have an available state court remedy and should return to that forum to attempt to complete exhaustion.

## III. The petition's disposition.

Respondent seeks the petition's dismissal, and the undersigned agrees that Petitioner must either amend his petition to drop the unexhausted claim or the entire petition must be dismissed.

In limited circumstances, the Court has discretion to stay a mixed habeas petition to allow Petitioner to return to state court without the petition's dismissal. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). But such a remedy is only available in "limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Here, Petitioner stated that the facts supporting Ground One were unavailable but did not describe those facts or otherwise elaborate. Without additional information, the undersigned cannot find "good cause" for recommending a stay.

## IV. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned finds that the petition contains both exhausted and unexhausted claims. Because a possibility remains that Petitioner's unexhausted claim could still be heard in state court, the undersigned recommends that the petition be dismissed without prejudice to allow Petitioner to return to that forum. Alternatively, if Petitioner wishes to proceed without returning to the state court, the undersigned recommends that he be allowed to amend his petition to drop the unexhausted claim.

The parties are advised of their right to file an objection to this report and recommendation with the Clerk of this Court by December 5, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 15th day of November, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE