IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT WILLIAMSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs ) | NO. CIV-13-899-D |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell [Doc. No. 11] and Petitioner's Response and Objections to Report and Recommendation [Doc. No. 14]. The Magistrate Judge found that the petition for a writ of habeas corpus herein is a mixed petition, containing both exhausted claims and one unexhausted claim. The Magistrate Judge further found that "the OCCA might consider Petitioner's unexhausted claim in an application for post-conviction relief if he can show 'sufficient reason' for why he did not raise the claim on direct appeal." Report and Recommendation at p. 4, *citing Woodruff v. Oklahoma*, 910 P.2d 348, 350 (Okla. Crim. App. 1996). She also found the Petitioner had not shown "good cause" for a stay of this action while Petitioner returned to state court. *Id.* Accordingly, the Magistrate Judge recommended that this petition be dismissed but alternatively, if Petitioner wishes to proceed without returning to state court, that Petitioner be allowed to amend his petition to drop the unexhausted claim.

In his response and objections [Doc. No. 14], Petitioner, appearing through counsel, states that he "disputes the conclusion that the state remedies are unexhausted," *id.* at p. 1, but states that if the Court agrees that the Magistrate Judge is correct that one claim is unexhausted, Petitioner chooses to drop the due process claim. *Id.* at pp. 1-2. He nevertheless argues that returning to state court would be futile because "[t]here is no functional remedy available to consider the precise argument advanced" by Petitioner, *id.* at p.2, and because Oklahoma courts are inherently biased against alleged child abusers. *See id.* at p.3.

The Court agrees with the Magistrate Judge that Petitioner's due process claim is unexhausted. The Court is not persuaded that Petitioner's return to state court would be futile. But in any event, Petitioner has indicated his preference to drop his due process claim rather than return to state court to attempt exhaustion of it.

Therefore, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and, rather than dismiss the petition for a writ of habeas corpus herein, the Court GRANTS Petitioner leave to amend his petition within ten days of the date of this Order by omitting his due process claim. This case is again referred to the Magistrate Judge for further proceedings consistent with the original referral order.

IT IS SO ORDERED this 25th day of February, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE