# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ROBERT WILLIAMSON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV-13-899-D |
| DAVID PARKER, | ) |
| Respondent. | ) |

## ORDER

Petitioner Robert Williamson was tried and convicted by jury in the District Court of Oklahoma County, Oklahoma on three counts of lewd molestation of his stepdaughter. After an unsuccessful appeal before the Oklahoma Court of Criminal Appeals, Williamson filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). On February 12, 2015, Judge Mitchell issued her Report and Recommendation (R&R) [Doc. No. 23], which recommended that the Court deny habeas relief.

Before the Court is Williamson's objection to the R&R.[1] Specifically, he objects to the R&R on the following grounds: (1) 12 OKLA. STAT. § 2414, which allows introduction of propensity evidence, created fundamental unfairness at trial;

---

[1] The Court originally adopted the R&R due to lack of an objection. It subsequently granted Williamson's motion for relief from judgment and permitted Williamson to file an objection out of time [Doc. No. 27]. Williamson's objection was filed June 3, 2016 [Doc. No. 31].

(2) improper admission of propensity evidence; (3) the Magistrate Judge failed to properly review certain evidentiary rulings made by the trial court; (4) ineffective assistance of counsel; and (5) insufficient evidence.

As stated more fully below, the Court, exercising de novo review, overrules Williamson's objections and adopts the R&R in its entirety.

## STANDARD OF REVIEW

In order to obtain § 2254 habeas relief with respect to claims adjudicated on the merits in state court, a petitioner must show the state court adjudication resulted in a decision that was either (1) contrary to clearly established federal law, as determined by the Supreme Court of the United States, (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or (3) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1)-(2). A decision is contrary to federal law if the state court applied a rule different from the governing law set forth in previous Supreme Court cases, or if it decided a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A decision involves an unreasonable application of federal law if the state court correctly identifies the governing legal principle from Supreme Court precedent, but

2

unreasonably applies it to the facts of the particular case." *Id*. "Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." *Beeler v. Crouse*, 332 F.2d 783 (10th Cir. 1964) (citation omitted).

In reviewing Williamson's objection, the Court must make a de novo determination of any portion of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part.[2] Because Williamson appears pro se, the Court construes his filings liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). The Court, however, cannot take on the responsibility of serving as Williamson's attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, the Court will not supply additional factual allegations to round out Williamson's petition or construct a legal theory on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## DISCUSSION[3]

---

[2] However, pursuant to 28 U.S.C. § 2254(d), the Court's review of an issue adjudicated on the merits in state court is limited to the record that was before the state court, and such review is deferential, not de novo. *Black v. Workman*, 682 F.3d 880, 895 (10th Cir. 2012).

[3] **The relevant facts have been adequately set forth in the R&R and will not be restated here, except where necessary to address Williamson's objections.**

## I. Propensity Evidence

Williamson's objection largely focuses on the admission of propensity evidence at his trial. Williamson first challenges the constitutionality of 12 OKLA. STAT. § 2414(A),[4] which is patterned after Federal Rule of Evidence 414, and states: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." *Id*. At trial, the State introduced propensity evidence that Williamson had once engaged in lewd acts with his biological daughter, T.W., who testified that although she was mature enough to bathe herself, Williamson continued to bathe her to the point it made her feel uncomfortable. T.W. also testified Williamson would give her open mouth kisses and lick her face and neck. T.W. stated Williamson's actions made her feel "weirded out" and that such contact was not normal. To this end, Williamson contends that (1) § 2414 creates an "uneven playing field" and is facially unconstitutional; (2) an underlying offense was not established so as to constitute propensity evidence; (3) the admitted propensity evidence was irrelevant; (4) the

---

[4] Although Williamson references 12 OKLA. STAT. § 2413, which, similar to § 2414, admits evidence of other sexual assaults, the OCCA and the Magistrate Judge both noted he was actually challenging § 2414. *See* R&R at 17 n. 17. Williamson's objection again refers to § 2413; however, just as the Magistrate Judge liberally construed his challenge as being one to § 2414, the Court construes his objection in the same way.

trial court failed to properly determine the admissibility of the evidence; and (5) the jury was improperly instructed regarding propensity evidence.

Williamson's objections on this issue raise only state law questions, which are generally outside the province of a federal habeas court. *See Romano v. Gibson*, 239 F.3d 1156, 1166 (10th Cir. 2001). Williamson must show that the prejudice flowing from the admission of propensity evidence was so great as to constitute a denial of federal constitutional rights by rendering the trial fundamentally unfair. *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989) ("[S]tate court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.") (internal quotations and citations omitted); *Warner v. Workman*, 814 F.Supp.2d 1188, 1223 (W.D. Okla. 2011) (same).

In light of this standard, the Court finds Williamson's objections should be overruled. First, § 2414 has been deemed facially constitutional by the Tenth Circuit. *See James v. Martin*, 567 F. App'x 594, 597 (10th Cir. 2014) (unpublished); *compare United States v. Castillo*, 140 F.3d 874, 880 (10th Cir. 1998) (holding that "Rule 414 does not on its face violate the Due Process Clause."). Moreover, the Supreme Court has not issued a decision that calls into question the constitutionality of § 2414 and "[t]he absence of clearly established federal law is dispositive under § 2254(d)(1)." *Littlejohn v. Trammell*, 704 F.3d

817, 825 (10th Cir. 2013) (quoting *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008)). On this issue, Williamson has failed to state any grounds that would support the requested habeas relief.

Second, the Magistrate Judge did not find the trial court failed to identify an underlying offense; she merely noted that the trial court "did not specifically state that Petitioner's act of open-mouth kissing T.W. constituted a crime[.]" R&R at 20 n. 18. Indeed, the Magistrate Judge noted such act *did* constitute a crime that justified the admission of propensity evidence. *Id.* (citing 21 OKLA. STAT. § 1123). Williamson's other arguments in support of this contention go to the constitutionality of § 2414, which the Court has addressed. This contention is overruled.

Williamson's contention that the propensity evidence "overwhelmingly tainted" his trial finds no support in the record. First, Williamson's argument in support of this proposition is generally a continuation of this argument regarding the constitutionality of propensity statutes. Accordingly, the Court overrules such objection on its face. *See United States v. One Parcel of Real Property Known as 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."). Nevertheless, the only lewd act T.W. described was Williamson kissing her with an open mouth and using his

6

tongue. The trial court instructed the jury that they could consider such testimony for its tendency, if any, to show Williamson's predisposition or inclination to engage in acts of child molestation. The trial court cautioned the jury that it could not convict Williamson solely on the basis that they believed he committed the other offenses. The fact that such evidence may be *prejudicial* to Williamson does not render it *inadmissible* unless it is unfairly prejudicial or otherwise objectionable, and the record does not reflect the evidence in this case was "so prejudicial in the context of the proceedings as a whole that [the defendant] was deprived of the fundamental fairness essential to the concept of due process." *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998) (citation omitted).

Williamson next contends the trial court failed to conduct an evidentiary hearing before the propensity evidence was admitted. Under Oklahoma law, "propensity evidence must be proved by clear and convincing evidence and is subject to the balancing test for all relevant evidence-whether its probative value is substantially outweighed by its prejudicial effect." *Johnson v. State*, 2010 OK CR 28, ¶ 6, 250 P.3d 901, 903 (citing *Horn v. State*, 2009 OK CR 7, ¶ 40, 204 P.3d 777, 786).[5] At the outset, the Court overrules Williamson's objection as he has not

---

[5] In *Horn*, the OCCA held:

> [T]rial courts should consider, but not be limited to the following factors: 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government

7

shown that any prejudice flowing from the evidentiary ruling was so great as to constitute a denial of federal constitutional rights by rendering the trial fundamentally unfair. *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989). Moreover, the record belies Williamson's claim. The OCCA determined that "[t]he district court substantially complied with the requirements for the admission of propensity evidence set forth in [*Horn*], and ... the district court did not abuse its discretion in admitting the propensity evidence in this case under [§ 2414]." The Court, likewise, sees no abuse of discretion. The trial court heard extensive pre-trial arguments regarding the admissibility of the evidence and subsequently ruled the evidence probative of the issue of propensity. This contention is without merit.

Lastly, Williamson contends the trial court's jury instructions on propensity were unconstitutional. Specifically, he contends Instruction No. 12's statement that he "may have" committed another offense, as opposed to stating he "actually did" commit an offense, "d[id] not adequately guide the discretion of the jury [and] fail[ed] to limit the jury's deliberation to acceptable considerations." "To obtain habeas relief on his jury-instruction claim, [Williamson] has to show that the

---

> can avail itself of any less prejudicial evidence. When analyzing the dangers that admission of propensity evidence poses, the trial court should consider: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial. Any other matter which the trial court finds relevant may be considered.

*Id*. at 786.

8

instructions were 'so fundamentally unfair as to deprive [him] of a fair trial and ... due process of law.'" *Walker v. Allbaugh*, __ F. App'x __, 2016 WL 4540811, at *2 (10th Cir. Aug. 30, 2016) (unpublished) (quoting *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (paraphrasing added)).

The OCCA found the jury was properly instructed concerning the use of propensity evidence and that the "instruction was taken verbatim from the instruction quoted with approval in [*Johnson, supra*]" and was "substantially similar" to the Oklahoma uniform instruction. "The OCCA's finding the jury instructions accurately reflected state law is fatal to [Williamson's] habeas claims." *See Parker v. Allbaugh*, No. CIV-16-80, 2016 WL 4005388, at *6 (W.D. Okla. June 24, 2016) (citing *Parker v. Scott*, 394 F.3d 1302, 1318-19 (10th Cir. 2005); *Adkins v. Six*, 320 F. App'x 850, 852 (10th Cir. 2009) (unpublished) (paraphrasing added)). The Court, accordingly, finds the instruction was not so "fundamentally unfair" as to deprive Williamson of a fair trial.

## II. Other Evidentiary Rulings

In addition to his challenges to the admission of propensity evidence, Williamson contends the Magistrate Judge failed to consider numerous evidentiary rulings by the trial court that, in his view, "rendered the trial fundamentally unfair." Williamson's objection is divided into two categories: evidence excluded at trial and evidence admitted at trial. Williamson objects to the trial court's exclusion of

9

the following evidence: (1) an acquaintance heard the victim sing the phrase "get a new daddy";[6] (2) after the incident, his wife sent him numerous provocative messages in an effort to rekindle their relationship; (3) the victim may have seen videos of an explicit nature; (4) the victim often masturbated; and (5) expert testimony that Defendant did not have the psychological makeup of a child abuser. Williamson objects to the admission of the following evidence: (1) T.W.'s testimony (i.e., the propensity evidence); (2) child hearsay statements; (3) res gestae evidence; (4) explicit pictures taken from the Williamson family computer; and (5) home videos of Williamson and his wife having sex.

### A.  *Excluded Evidence*

The OCCA found the trial court committed no error in excluding the foregoing evidence, with the exception of the victim singing the words to "Get A New Daddy," as it was relevant to bias and motive to fabricate. However, the court found such exclusion did not materially affect the trial. The court went on to find that the evidence admitted was relevant and proper.

As noted above, a federal court may not provide habeas relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results. Based on its review of the

---

[6] "Get A New Daddy" is a song that, in satirical fashion, instructs children on how they can get rid of their father by accusing him of molestation and other lewd behavior.

10

record, the Court finds that the evidentiary rulings at issue did not result in a fundamentally unfair trial. Specifically, there was no evidence that the victim knew the full lyrics to the song "Get A New Daddy" or that she had seen the accompanying music video. As to Williamson's relationship with his wife, his attorney was *allowed* to introduce evidence that they had an ongoing sexual relationship. As to the videotapes, the trial court only excluded speculation that Williamson had been upset because some sex tapes had previously been left out in the open. Moreover, the trial court *allowed* Williamson's attorney to question his wife about the victim's alleged propensity to masturbate and rejected further evidence on the grounds it was cumulative. As to the excluded expert testimony, the trial court found such evidence invaded the province of the jury. The OCCA affirmed this finding, as well as the others, concluding Williamson cited no authority for the admission of an expert opinion that a defendant who is on trial for sex crimes is or is not a pedophile. The Court finds no constitutional error in these evidentiary rulings and finds Williamson's objection should be overruled.

### B. *Admitted Evidence*

The Court reaches the same conclusion with respect the evidence admitted at trial. The issue of T.W.'s testimony, i.e., the propensity evidence, has been adequately discussed and will not be restated. With respect to the child hearsay statements, the trial court conducted a pre-trial hearing regarding the admissibility

of such statements and concluded such statements, *inter alia*, were contemporaneous to the alleged abuse, consistent, and had sufficient indicia of reliability and trustworthiness. Williamson's counsel cross-examined every child hearsay witness. The OCCA determined the trial court did not err in admitting the statements. With respect to res gestae evidence, Williamson does not cite to any particular item of evidence he contends was improperly admitted. Construing his argument liberally, Williamson appears to again challenge the State's introduction of propensity evidence, which has been addressed herein.[7] As to the explicit pictures, such evidence was deemed relevant as the victim had testified Williamson showed her pictures of naked people. Finally, the State did not introduce evidence of Williamson's video tapes.

The Court finds the foregoing evidentiary rulings and occurrences did not deprive Williamson of a fair trial and his objections relating to these issues are denied.

---

[7] Under the res gestae exception, evidence of bad acts or other crimes may also be admissible where they form a part of an "entire transaction" or where there is a "logical connection" with the offense charged. *Eizember v. State*, 2007 OK CR 29, ¶ 77, 164 P.3d 208, 230 (citation omitted). Evidence is considered res gestae when: (1) it is so closely connected to the charged offense as to form part of the entire transaction; (2) it is necessary to give the jury a complete understanding of the crime; or (3) when it is central to the chain of events. *Id*. (citation omitted).

## III. Ineffective Assistance of Counsel

In order to establish an ineffective assistance of counsel claim, Williamson must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). The failure to satisfy either prong is dispositive. *Hooks v. Workman*, 689 F.3d 1148, 1186 (10th Cir. 2012). In the § 2254 context, a petitioner faces an even greater challenge, because the federal court's review becomes "doubly deferential" in that it defers to (1) the state court's determination that counsel's performance was not deficient and (2) the attorney's decision in how to best represent a client. *Id*. at 1187.

Williamson alleges his trial counsel was ineffective because he failed to (1) conduct a preliminary hearing; (2) failed to interview propensity witnesses; and (3) failed to fully challenge the propensity evidence. On this issue, the OCCA held Williamson had shown neither that his trial counsel was ineffective at trial or in his investigation, nor that there is a reasonable probability that the outcome of his trial would have been different had trial counsel handled his case differently. Based on its review of the record, the Court agrees with the OCCA's conclusion. The record shows Williamson's counsel filed numerous pre-trial motions and participated in several pre-trial hearings regarding the admissibility of certain evidence.

Moreover, Williamson's speculation as to what an interview of his ex-wife and biological daughter would have revealed is speculation. In addition, Williamson concedes that the decision not to cross-examine his ex-wife may have been strategic. Lastly, Williamson's counsel made substantial objections to the propensity evidence at issue.

Based on the record, the Court finds trial counsel did not perform deficiently with regard to pre-trial and trial matters, nor has Williamson satisfied the prejudice prong of *Strickland*. Therefore, Williamson has failed to show that the OCCA's adjudication of these claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

## IV. Insufficient Evidence

Williamson's final argument is that the evidence was insufficient to establish guilt beyond a reasonable doubt as to Count One, which alleged Williamson, in violation of 21 OKLA. STAT. § 1123(A)(5)(c), committed lewd acts by exposing his penis to the victim and asking her if she wanted to "learn more." The foregoing subsection makes it a felony for any person to knowingly and intentionally, "[i]n a lewd and lascivious manner and for the purpose of sexual gratification ... cause, expose, force or require a child to look upon the body or private parts of another

person[.]" Williamson contends the State failed to prove the "sexual gratification" element beyond a reasonable doubt.

To be entitled to federal habeas relief based upon the insufficiency of the evidence, Williamson must establish that, viewing the record in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt. *Hale v. Gibson*, 227 F.3d 1298, 1334 (10th Cir. 2000). There was evidence admitted at trial that Williamson licked the victim's vagina; masturbated before her to the point of ejaculation; placed her mouth on his penis; and made her touch his penis. The OCCA found that the evidence, viewed in the light most favorable to the State, was sufficient to prove beyond a reasonable doubt that Williamson exposed himself for the purpose of receiving sexual gratification. Utilizing the same standard, the Court concludes a rational trier of fact could have found him guilty beyond a reasonable doubt. Therefore, Williamson has failed to show that the OCCA's adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Habeas corpus relief is denied on this issue.

## CONCLUSION

The Magistrate Judge's Report and Recommendation is **ACCEPTED** and **ADOPTED** in its entirety as set forth herein. A judgment shall be issued forthwith.

15

**IT IS SO ORDERED** this 8th day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE